**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM
A PROFESSIONAL CORPORATION

PENNSYLVANIA
Allentown
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

OHIO
Cincinnati
Cleveland

FLORIDA
Ft. Lauderdale
Jacksonville
Orlando
Tampa

NEW YORK
Long Island
New York City
Westchester

Wall Street Plaza. 88 Pine Street, 21st Floor · New York, NY 10005
(212) 376-6400 · Fax (212) 376-6490

Direct Dial: 212-376-6438
Email: JAHess@mdwcg.com

September 30, 2016

Honorable Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:   **LEA REICH v. MIDLAND CREDIT MANAGEMENT, INC.,** *et al.*
           **U.S. District Court, Eastern District of New York**
           **Case No. 1:15-CV-07195-SJ-RML**
           **Our File No. 40127.00187**
           *Request to Respond to Sur-Reply*

Dear Judge Johnson:

     My firm represents Defendants Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. ("Defendants") in the above-referenced action. We are writing to request the Court's permission to file a brief response to Plaintiff's sur-reply, submitted with respect to Defendants' Motion to Dismiss and Compel Arbitration (ECF 17).

     On September 29, 2016, with the Court's permission, Plaintiff filed her Sur-Reply to Defendants' Motion to Compel Arbitration (ECF 26). In her sur-reply, Plaintiff raised for the first time, *inter alia*, the issue whether there was a permissible forum for Plaintiff to arbitrate her claims against Defendants. In support of such proposition, Plaintiff submitted a letter dated August 1, 2016 (the "Letter"), purportedly establishing that Defendants may not arbitrate claims before the American Arbitration Association ("AAA"). Plaintiff's contentions in this regard are not only false, their submission to the Court is improper for myriad reasons.

     First, the letter submitted by Plaintiff is inadmissible hearsay. Plaintiff provided no basis for the admissibility of this document, proffered no witness to authenticate it, and provided no basis for it to qualify for one of the exceptions to the hearsay rule. For this reason alone, the letter should be disregarded.

Hon. Sterling Johnson, Jr.
September 30, 2016
P. 2

Second, Plaintiff's submission is far outside the scope of Defendants' reply brief. As such, it abuses the Court's courtesy in allowing Plaintiff to file a sur-reply in the first place and is wholly improper. Plaintiff could have raised the Letter in her principal brief, but as the issue is the quintessential red herring (see below), she improperly waited until briefing was complete in the hope that Defendants would not be able to respond. The Court should not condone such gamesmanship.

Finally, if Defendants are allowed to file their response to Plaintiff's sur-reply, Defendants will show that the issues raised in the Letter were resolved between Midland and the AAA, and that Defendants are fully qualified to arbitrate Plaintiff's claims in that forum. Midland will provide affidavit evidence and correspondence – competent evidence – to show the Letter submitted by Plaintiff is no longer true, if it ever was in any meaningful sense, that the AAA has agreed to allow Midland to arbitrate claims of the nature at issue herein under its auspices, and that the AAA provides a valid and available forum for the arbitration of Plaintiff's claims.

Defendants understand that requesting to respond to a sur-reply, or even allowing a sur-reply in the first place, is extraordinary relief to be granted only where absolutely necessary. Nonetheless, Plaintiff's improper and false submission of evidence cannot be allowed to stand unopposed. Thus, Defendants request that this Court allow it to file a brief response to Plaintiff's sur-reply, with evidence of the true state of Midland's standing at the AAA. In the alternative, Defendants request oral argument of its motion to compel arbitration, to include submission of affidavit and documentary evidence, in order to allow Defendants to purge the record of Plaintiff's false contentions.

Respectfully submitted,

/s/ Joseph A. Hess

Joseph A. Hess

cc: Adam J. Fishbein, P.C.
483 Chestnut Street
Cedarhurst, NY 11516
(via ECF)

Hon. Robert M. Levy, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201